UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCELIO JOSEPH REYBOL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF WATER RESOURCES, et al.,<br><br>　　　　Defendants. | Case No. 3:23-cv-05504-LJC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

## I.　INTRODUCTION

Plaintiff Arcelio Reybol, pro se, brings this action against the California Department of Water Resources, Paulina Johnson (identified as an "office technician"), the "California EPA", and the "California PUC". Compl. (ECF No. 1) at 2.[1] The Complaint is difficult to follow, but it appears that Reybol applied for a job with the Department of Water Resources that he did not receive. It is not clear how any other defendant is involved in this case.

For the reasons discussed below, Reybol is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction by filing either a response to this order or an amended complaint no later than February 23, 2024.

## II.　SERVICE OF PROCESS

Reybol filed his Complaint on October 25, 2023 and paid the filing fee. Since Reybol has not submitted a proposed summons under Rule 4(b) of the Federal Rules of Civil Procedure, no summons has been issued, and Reybol has not served process on any defendant. Although Reybol

---

[1] This order uses the page numbers appearing at the top right corner of each page of Reybol's Complaint. Two of the pages were filed out of order in the version of the document appearing in the Court's ECF filing system, such that this page labeled as page 2 appears as page 3 of the PDF document filed in ECF (and vice versa).

1  asserted at the January 25, 2024 case management conference that he has served at least one
2  defendant via email under Rule 5(d)(3)(D) of the Federal Rules of Civil Procedure, Rule 5 does
3  not apply to the summons and original complaint that must be served on a defendant to initiate a
4  new case.  Rule 4 governs service of case-initiating documents and does not generally allow for
5  service by email.  Rule 4(c)(1) also requires a summons to be served with a complaint, and since
6  no summons has been issued in this case, Reybol cannot have completed valid service under
7  Rule 4.
8        "If a defendant is not served within 90 days after the complaint is filed, the court—on
9  motion or on its own after notice to the plaintiff—must dismiss the action without prejudice
10 against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).
11 More than ninety days have passed since Reybol filed his Complaint.  Although Reybol's failure
12 to complete timely service could be grounds for dismissal under Rule 4(m), the Court will allow
13 Reybol additional time to serve his Complaint in this case if he is able to establish subject matter
14 jurisdiction.

15 **III.    SUBJECT MATTER JURISDICTION**

16       Federal courts are courts of limited jurisdiction and may only hear cases falling within
17 their subject matter jurisdiction.  Courts "have an independent obligation to determine whether
18 subject-matter jurisdiction exists".  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Two of the
19 most common grounds for subject matter jurisdiction are diversity jurisdiction under 28 U.S.C.
20 § 1332 (encompassing cases between citizens of different states with more than $75,000 in
21 controversy) and federal question jurisdiction under 28 U.S.C. § 1331 (encompassing cases
22 "arising under the Constitution, laws, or treaties of the United States").

23       **A.    Reybol Does Not Assert or Establish Diversity Jurisdiction**

24       Reybol does not assert diversity jurisdiction under § 1332.  Compl. at 2 (leaving
25 unchecked a box available to assert diversity jurisdiction).  Based on both his Complaint and his
26 statements at the case management conference, where he indicated a strong affinity for Arizona
27 State University but confirmed that he resides at the California address provided in his Complaint,
28 Reybol appears to be a citizen of California suing another California citizen and several California

1   state agencies.  *See* Compl. at 1.  Section 1332 requires complete diversity of citizenship, such that

2   no plaintiff is a citizen of the same state as any defendant.  Because that condition does not appear

3   to be satisfied here, § 1332 does not confer subject matter jurisdiction over this case.

**B.     Reybol Has Not Established Federal Question Jurisdiction**

Reybol checked a box in his Complaint indicating that he asserts federal question jurisdiction under § 1331.  Compl. at 2.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In a blank space presented to indicate "[w]hich federal law or right is involved", Reybol wrote: "1206669889 Sun Devil Arizona State University ``Invested by Law".  Compl. at 2.  Neither that response nor anything else in the Complaint identifies any federal law giving rise to subject matter jurisdiction under § 1331.

At the case management conference on January 25, 2024, the Court asked Reybol to explain the grounds for this action.  Reybol's response was difficult to follow and did not identify any federal law on which he bases a claim.  Although Reybol generally referenced "the constitution," in at least one instance he explained that he was referring the California state constitution, which would not support federal question jurisdiction.  Reybol also filed a supplemental submission on January 25, 2024 (ECF No. 5)[2] that includes the following passage: "I am asking of a Constitutional Question.  California's Constitution + U.S. Constitution + Certificate in Political Thought & Leadership."  But even if that passage appeared "on the face of [Reybol's] properly pleaded complaint," *see Caterpillar*, 482 U.S. at 392, which it does not, it would still not be clear what if any legal claim Reybol is asserting under the U.S. Constitution or any other source of federal law.

Certain claims related to a hiring decision might implicate federal antidiscrimination laws,

---

[2] For the title of this document, Reybol listed "Federal Rules of Civil Procedure Rule 7(a)." Paragraph (a) of Rule 7 defines the pleadings that are allowed in a civil action in federal court. Fed. R. Civ. P. 7(a).  It is not clear what purpose Reybol intended this document to serve.

United States District Court
Northern District of California

such as Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act. Here, however, Reybol has not alleged discrimination in even conclusory terms, nor has he alleged that he is a member of any protected class. Not all claims related to employment decisions fall within federal question jurisdiction. *See generally, e.g.*, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996) (finding no federal jurisdiction over claims for wrongful termination). Even construing Reybol's Complaint liberally in light of his status as a pro se litigant, it is not apparent that Reybol intends to assert any claim under federal law. If he does, he should identify any such law or more clearly explain the basis for this action in an amended complaint.

Since Reybol's Complaint neither demonstrates federal question jurisdiction under § 1331 nor asserts any other basis for jurisdiction, Reybol is ORDERED TO SHOW CAUSE why the case should not be dismissed for lack of subject matter jurisdiction as to all Defendants.

### C. Reybol's Complaint Appears to Be Frivolous

Even beyond the lack of specific reference to any basis for federal question jurisdiction, the Complaint is at best difficult to follow, and portions of it are incomprehensible. Federal courts lack jurisdiction over "patently insubstantial complaint[s]" that are "'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)). "A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, . . . and may be dismissed sua sponte before service of process." *Franklin v. Murphy*, 745 F.2d 1221 n.6 (9th Cir. 1984) (quoting *Hagans*, 415 U.S. at 537), *abrogated on other grounds by Neitzke*, 490 U.S. 319; *Bo Liu v. Cent. Intel. Agency*, 738 F. App'x 511 (9th Cir. 2018).

Reybol does not explain what harm he suffered, why he believes any such harm supports a civil action, what legal claim he is asserting, or what role (if any) three of the four defendants he has named had in the events giving rise to this action. The Complaint includes stray references to entities like the Department of Homeland Security and FEMA with no explanation of their relevance in the case. Compl. at 4. It lists concepts like "Surveillance Awareness; Effective Comunication [sic]; NIMS", again with no explanation. *Id.* Reybol's discussion of the case at the January 25, 2024 case management conference shed little light on the nature of any claims that he

4

1   intends to assert.  Reybol's convoluted references to, among other things, Arizona, water
2   resources, and cactuses were difficult to follow, and his request to be placed on an election ballot
3   added to the Court's confusion.  Reybol's January 25, 2024 supplemental filing sheds little if any
4   light on his theory of the case, and in any event is not a substitute for necessary allegations in the
5   Complaint itself.

6   As currently presented, the Complaint appears to lack sufficient substance to establish
7   jurisdiction—particularly with respect to any claim that Reybol might have intended to assert
8   against Paulina Johnson, the California EPA, and the California PUC, none of whom he references
9   in any factual allegation.  Reybol is ORDERED TO SHOW CAUSE why the case should not be
10  dismissed on that basis as to all Defendants.

### D.     This Court Generally Lacks Jurisdiction Over Claims Against State Agencies

Finally, three of the defendants Reybol has sued are state agencies: the California Department of Water Resources, the California EPA, and the California PUC.  Under the Eleventh Amendment to the U.S. Constitution, "'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state,'" and "in the absence of consent a suit in which the State *or one of its agencies or departments* is named as the defendant is proscribed."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Emps. of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973)) (emphasis added).  Congress may abrogate Eleventh Amendment immunity under limited circumstances if it acts unequivocally to do so.  *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  Without either consent to suit by the defendant or abrogation by Congress, Eleventh Amendment immunity is a "jurisdictional bar" to proceeding in federal court, *Pennhurst*, 465 U.S. at 100, which "must be considered *sua sponte* by federal courts", *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 n.2 (9th Cir. 1987).

There is no indication here that the State of California has consented to Reybol's suit against the agencies he has named as defendants.  Because it is not clear what claim or claims Reybol is asserting, there is also no indication that Congress has abrogated Eleventh Amendment immunity for the purpose of such claims.  Accordingly, even if Reybol asserts a claim that would

1  otherwise fall within federal question jurisdiction under § 1331, his claims against the state agency
2  defendants may be barred by the Eleventh Amendment.  Reybol is therefore ORDERED TO
3  SHOW CAUSE why his claims against the California Department of Water Resources, the
4  California EPA, and the California PUC should not be dismissed for lack of subject matter
5  jurisdiction based on Eleventh Amendment immunity.

**IV.    CONCLUSION**

No later than February 23, 2024, Reybol shall file either: (1) a response to this order arguing that his current Complaint adequately alleges subject matter jurisdiction; or (2) an amended complaint resolving the defects identified in this order.  Any such complaint must include the caption and case number (3:23-cv-05504-LJC) for this case and the words "FIRST AMENDED COMPLAINT" on the first page.  An amended complaint completely replaces an original complaint and cannot incorporate the original complaint by reference; it must include all relevant factual allegations and legal claims on which Reybol intends to rely in this case.

If Reybol does not file a response or amended complaint, or if his response or amended complaint does not demonstrate a valid basis for subject matter jurisdiction, this case will be reassigned to a United States district judge with a recommendation that the case be dismissed.

The deadline to complete service is STAYED pending resolution of the Court's subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: January 26, 2024

LISA J. CISNEROS
United States Magistrate Judge